UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FOR USE OF
CEMEX CONSTRUCTION
MATERIALS FLORIDA, LLC,
as assignee of John Carlo, Inc.,

    Plaintiff,

v.                                  Case No. 8:11-cv-683-T-24-TGW

EPB ENTERPRISES, LLC and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff Cemex Construction Materials Florida, LLC's ("Cemex") Motion for Final Summary Judgment against Defendant EPB Enterprises, LLC ("EPB") (Doc. No. 26). EPB has filed a response in opposition (Doc. No. 28). For the reasons stated below, Cemex's Motion for Summary Judgment is DENIED.

**I.    Background**

For purposes of the instant motion, the following facts are undisputed: The United States Air Force contracted with Denshaw, Inc., doing business as Coleman Construction, Inc. ("Coleman"), for construction work on the Avon Park Air Force Base Phase II project ("Project"). Coleman entered into a subcontract with EPB, and EPB, in turn, subcontracted with John Carlo, Inc. ("Carlo") to perform a portion of that construction work. Section 1 of the Subcontract between EPB and Carlo ("Subcontract") provides:

    Upon complete performance of the Subcontract and final approval

> and acceptance of the Work and materials by [Coleman], and **[Carlo] supplying [EPB] with Sworn Statement(s), lien waiver(s), guarantee(s) and other reasonably requested documents**, [EPB] will make final payment due [Carlo] within seven (7) days after full payment for such Work and materials has been received by [EPB] from [Coleman], or within 45 days of invoice, whichever is sooner.

(Doc. No. 26, Ex. 1 at 4) (emphasis added). Cemex provided materials to Carlo for use on the Project.

Carlo performed the construction work on the Project as required by its contract with EPB, and Carlo submitted an invoice to EPB for that work. Coleman paid all amounts it owed to EPB. However, EPB did not pay Carlo, and Carlo did not pay Cemex. EPB still owes Carlo $171,980.76 for its work on the Project, and Carlo still owes Cemex $44,077.84 in principal and $50,644.18 in interest for the materials it provided for the Project. Carlo assigned to Cemex all of its claims and causes of action against EPB relating to or arising from its contract with EPB for the Project. Based on that assignment, Cemex asserts three claims against EPB in its complaint: breach of contract, account stated, and open account.

Eduardo P. Boado, president, CEO and owner of EPB, stated in his deposition that EPB withheld Carlo's payment because Carlo had not provided the lien waivers and all of the releases required under the Subcontract. At the time of his deposition, EPB still needed documentation from "all of Carlo's subcontractors, which would be Cemex . . . and other lower tiered contractors." (Doc. No. 26, Ex. 6 at 22). Boado explained that if EPB were to receive the necessary documentation, it would not object to paying the amount owed to Carlo. Two months after Boado's deposition, Cemex provided EPB with a lien waiver, in which Cemex conditioned its waiver and release of lien upon payment by EPB. (Doc. No. 26, Ex. 11). Cemex then moved for summary judgment (Doc. No. 26).

2

Although Cemex moves for summary judgment on all of its claims against EPB, it presents an argument only on its breach of contract claim. Accordingly, the Court will address only that argument.

## II.     Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affirmative evidence, designate specific facts showing there is a genuine issue for trial. *Porter*, 461 F.3d at 1320. In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III.    Discussion

Cemex argues that it is entitled to summary judgment on its breach of contract claim

because (1) EPB entered into a contract with Carlo, (2) Carlo performed under the terms of the contract, (3) EPB has failed to pay what it owes to Carlo, (4) Carlo has been damaged by EPB's failure to pay in full, and (5) Cemex is entitled to enforce Carlo's claims against EPB because Carlo assigned its claims to Cemex.

Cemex does not dispute that the provision to EPB of "Sworn Statement(s), lien waiver(s), guarantee(s) and other reasonably requested documents" is a condition precedent to EPB's performance of the Subcontract. Instead, Cemex argues that it has, itself, provided EPB with a conditional lien waiver, and therefore, EPB has no defense for failing to pay the amount owed by Carlo to Cemex. Cemex also contends that, even if it had not executed a lien waiver, EPB's defense still fails because providing lien waivers at this time would be futile, because pursuant to the Miller Act, 40 U.S.C. § 3133(b)(2), any such "liens" must have already been asserted or they are statutorily barred.[1] Finally, Cemex argues that lien waivers would benefit only the owner, and not EPB, and because EPB has been paid for its work, there is no reason for it to withhold payment from Carlo.

EPB counters that as Carlo's assignee, Cemex is bound by the terms of the Subcontract.

---

[1] "The Miller Act requires contractors to post bond to ensure payment of persons supplying labor or materials on any government construction contract exceeding $100,000.00. 40 U.S.C. § 3131(b)(2). Because federally owned property is exempt from liens that normally protect laborers and suppliers from non-payment, the Miller Act was enacted to provide a substitute remedy." *United States ex rel. Capital Computer Grp., LLC v. Gray Ins. Co.*, 2011 WL 6412090, No. 10-15519, at *1 (11th Cir. Dec. 21, 2011).
Under the Miller Act, subcontractors have 90 days from the date they last provided materials or work to make a claim on the surety's payment bond. *See* 40 U.S.C. § 3133(b). The Subcontract's references to "lien waivers" actually relate to one's waiver of his or her right to make a claim on that bond. Cemex contends that Carlo and its subcontractors completed their work by July 2010, at the very latest, and consequently, any "lien" had to be asserted by November 2010.

Those terms specify that Carlo not be paid until EPB is provided certain documents of assurances, and though Cemex has provided a lien waiver in conjunction with the instant motion, other of Carlo's subcontractors, as well as Carlo itself, have not provided the required documents of assurance (including lien waivers, sworn statements, guarantees, and general releases) to EPB. Because Carlo failed to provide the documentation required under the Subcontract, Carlo is not entitled to payment, and by extension, Cemex is not entitled to payment.

As Carlo's assignee, Cemex succeeds to Carlo's rights under the Subcontract, but to enforce that contract, Cemex also must show that all required conditions precedent have been performed. *See Shreve Land Co., Inc. v. J & D Fin. Corp.*, 421 So. 2d 722, 724 (Fla. 3d DCA 1982) ("The law is well settled that an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor. If the assignee seeks to enforce the contract, he must show that all conditions have been performed either by himself or the assignor.").

Cemex has not met its burden of showing that there are no genuine issues of material fact regarding whether all required conditions precedent have been performed. Cemex's argument regarding its provision to EPB of a conditional lien waiver is insufficient for two reasons. First, though Cemex has submitted its own conditional lien waiver, genuine issues of material fact remain as to whether Carlo or Carlo's other "lower tiered contractors" also provided the documentation that the Subcontract requires. Second, because the Subcontract requires that "Sworn Statement(s), lien waiver(s), guarantee(s) *and* other reasonably requested documents" be supplied, genuine issues of material fact remain as to whether the provision of lien waivers alone was sufficient.

5

The Court notes that "[u]nder the doctrine of futility, a party may be excused from performing a condition precedent to enforcement of the contract, if performance of the condition would be futile." *Alvarez v. Rendon*, 953 So. 2d 702, 708–09 (Fla. 5th DCA 2007). Cemex has argued that it no longer has the right to "lien" the Project under the Miller Act, and therefore providing lien waivers would be futile. However, genuine issues of material fact remain as to whether EPB's need for "Sworn Statement(s), lien waiver(s), guarantee(s) and other reasonably requested documents," was related only to liability under the Miller Act, or whether there were other effectual purposes for these documents. Furthermore, EPB has noted that even though the lien period may have expired, EPB could require Carlo and its subcontractors to provide general releases of liability. Thus, Cemex has not shown, as a matter of law, that futility excuses compliance with the Subcontract.

## IV. Conclusion

Drawing all inferences from the evidence in the light most favorable to EPB, and resolving all reasonable doubts in EPB's favor, Cemex has not met its burden of showing that there are no genuine issues of material fact that should be decided at trial. Accordingly, it is ORDERED and ADJUDGED that Cemex's Motion for Summary Judgment (Doc. No. 26) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

6